UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEARTLAND DIRECT, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06 C 1029 |
| CHEVRON U.S.A. INC., | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Heartland Direct, Inc. ("Plaintiff") is an Illinois corporation in the business of providing promotional products and offers to the proprietary customers of third party companies. Chevron U.S.A. Inc. ("Defendant") is a Pennsylvania corporation that, as part of its business, issues credit cards to its customers. Plaintiff entered into a contract with Defendant under which Plaintiff would provide merchandise and services for direct mail promotions to Defendant's credit card customers. Plaintiff alleges that Defendant breached the contract. Plaintiff seeks approximately $4 million in unpaid compensation, $10 million in other damages, and attorney's fees.

Defendant has moved to dismiss Plaintiff's Complaint due to Plaintiff's lack of standing under Federal Rule of Civil Procedure 12(b)(1) and due to judicial and collateral estoppel pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth below, Plaintiff lacks standing because, as property of the Chapter 7 estate, only the bankruptcy trustee properly may bring this cause of action, Defendant's Motion to Dismiss is granted. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). The Court will address whether the cause of action is barred by judicial or collateral estoppel when the proper party to respond to such defenses

is before the Court. *See Biesek v. Soo Line Railroad Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("[T]he threshold issue is not whether to apply an estoppel but whether [plaintiff] is the real party in interest"); *Flynn v. Merrick*, 881 F.2d 446, 450 (7th Cir. 1989) ("Because we find that the [plaintiffs] lacked standing to bring this lawsuit, we find it unnecessary to reach other issues raised").

## Plaintiff's Allegations

On December 11, 1997, Plaintiff and Defendant entered into a written contract whereby Plaintiff would provide promotional products and offers to Defendant's credit card customers. *See* Plaintiff's Complaint ("Compl."), ¶ 3; Ex. A. On October 29, 2001, Plaintiff entered into a separate agreement with subcontractor Newsub Magazine Services to provide the promotional items necessary to carry out its agreement with Defendant. *See* Compl., ¶ 5. Newsub thus provided Plaintiff with the materials contracted for, and Plaintiff directed these materials to Defendant's customers. *See* Compl., ¶ 7. Plaintiff, through the subcontract with Newsub, successfully performed each of Defendant's promotions. *See* Compl., ¶ 7. For reasons not alleged, invoices in excess of $4,000,000 that originally were to be issued to Plaintiff as compensation for these promotions were revised at the direction of Defendant and reissued to NewSub. *See* Compl., ¶ 8, Ex. C. As a result, Plaintiff never received these expected payments. *See* Compl., ¶¶ 9, 10.

## Standard of Review

A federal court considers a plaintiff's standing under Rule 12(b)(1) and may not grant relief when standing does not exist. *See American Federation of Government Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition"). "In ruling on a motion under Rule 12(b)(1), the district court must accept as true all well-pleaded

factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted). However, if a plaintiff's standing is challenged, the burden is on the plaintiff to go beyond its allegations and prove its standing. *See Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 856, 862 (7th Cir. 1996) ("If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'-that is a showing by a preponderance of the evidence-that standing exists"). Under Rule 12(b)(1), a court will consider all competent evidence when deciding whether it has jurisdiction. *See Roman v. United States Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists").

**DISCUSSION**

Before reaching the substantive issues in the pending motion, the Court must determine which state's body of law applies. The contract at issue contains a choice-of-law provision which states that the agreement shall be "construed in accordance with the internal laws of the State of California, without regard to conflicts of law." *See* Compl., Ex. A. In contract disputes such as this one, "Illinois law respects the contract's choice-of-law clause as long as the contract is valid." *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996); *see also Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036, 1042 (7th Cir. 2006) ("If a contract between citizens of Illinois specifies that the law of New York shall govern any dispute arising from the contract, a court in Illinois will apply that law."). Since neither party has indicated that the contract is invalid, the choice-of-law clause that they negotiated shall be upheld, and California law governs their dispute.

On June 14, 2004, prior to filing the instant action, Plaintiff filed a petition for liquidation

3

under Chapter 7 of the United States Bankruptcy Code. *See* Memorandum in Support of Defendant's Motion to Dismiss, Ex. 1.[1] When filing for bankruptcy, a debtor is required to file a complete list of its creditors, as well as a schedule of assets and liabilities. *See* 11 U.S.C. § 521(1). Under the personal property section of its bankruptcy schedule, Plaintiff listed a $60,000 account receivable from Chevron and a counterclaim of unknown value against Newsub. *See* Memorandum in Support of Defendant's Motion to Dismiss, Ex. 1. Plaintiff did not list any unliquidated breach of contract claim against Defendant. *See id.* The trustee filed a "no asset report" on May 12, 2005 and closed the bankruptcy case. *See* Memorandum in Support of Defendant's Motion to Dismiss, Ex. 3.

"Upon the filing of a petition for bankruptcy all of the debtor's assets, including any interest in a cause of action, pass to the trustee in bankruptcy."[2] *People v. Kings Point Corp.*, 233 Cal. Rptr. 227, 229 (Cal. Ct. App. 1986), citing 11 U.S.C. § 541(a); *see Polis v. Getaways, Inc., (In re Polis),* 217 F.3d 899, 901 (7th Cir. 2000) (noting that § 541(a) has "uniformly been interpreted to include causes of action"). Plaintiff may regain standing to pursue a cause of action that vests in the estate only if the trustee abandons the cause of action. *See* 11 U.S.C. § 554(d); *Cloud v. Northrop Grumman Corp.*, 79 Cal. Rptr.2d 544, 549 (Cal. Ct. App. 1998), *Wood v. Lowe*, 114 Cal. Rptr. 69, 71 (Cal. Ct. App. 1974) ("All causes of action possessed by a bankrupt vest in the trustee and . . . absent an abandonment, only he can prosecute them"). Abandonment may occur in three ways: "(1)

---

[1] The Court takes judicial notice of the bankruptcy proceedings under Federal Rule of Evidence 201. Federal Rule of Evidence 201 provides that, when requested by a party, a court "shall" take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (d).

[2] On April 26, 2006, well after the bankruptcy case had been closed and the trustee discharged, Plaintiff reopened the Chapter 7 case and converted it to Chapter 11. *See* Plaintiff's Surreply, Ex. A. Chapter 11 debtors, unlike those in Chapter 7, typically have standing to pursue causes of action. *See Cloud*, 79 Cal. Rptr. at 558 n.15. Plaintiff, however, does not argue that it is filing this claim as a Chapter 11 debtor in possession.

[a]fter notice and hearing, the trustee may unilaterally abandon property that is burdensome or of inconsequential value (11 U.S.C. § 554(a)); (2) [a]fter notice and hearing, the court may order the trustee to abandon such property (11 U.S.C. § 554(b)); (3) [a]ny property *which has been scheduled*, but which has not been administered by the trustee at the time of closing of a case, is abandoned by operation of law (11 U.S.C. § 554 (c))." *Cloud*, 79 Cal. Rptr.2d at 549. "[A]bsent an 'abandonment,' only the trustee in bankruptcy can represent a debtor's interests in any litigation by or against the debtor." *Kings Point Corp.*, 233 Cal. Rptr. at 229.

Plaintiff does not dispute that its breach of contract claim existed at the time it filed for bankruptcy, thus making it an asset of the estate.[3] *See* 11 U.S.C. § 541(a) (the bankruptcy estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case"). As part of the Chapter 7 bankruptcy estate, the cause of action passed to the control of the trustee along with all of Plaintiff's other assets. *Id.* The relevant question for determining Plaintiff's standing thus becomes whether the trustee abandoned the breach of contract cause of action. Since there is no indication that the bankruptcy court held a hearing to consider abandonment or ordered the trustee to abandon the claim, the trustee could have abandoned the claim only if Plaintiff listed the claim on its schedule of assets. *See* 11 U.S.C. § 554(c). Plaintiff listed a $60,000 account receivable from Chevron and unliquidated potential counterclaims against NewSub Magazine Services or Memberworks, Inc. in its schedule of assets. *See* Memorandum in Support of Defendant's Motion to Dismiss, Ex. 1. Neither of these disclosures reasonably apprised the bankruptcy trustee of a breach of contract claim for $14,000,000 against Chevron such that he

---

[3] A debtor's knowledge of the existence or extent of a cause of action is not relevant to whether it becomes property of the estate. *See In re Lott*, 332 B.R. 292, 293 (E.D. Mich. 2005).

knowingly abandoned it by filing his no asset report. *See Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982) ("When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee has had no opportunity to pursue the claim"). Because the trustee did not abandon the asset nor administer it as part of the bankruptcy case, the cause of action remains property of the estate. *See* 11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate"). As property of the estate, the breach of contract cause of action may be pursued only by the trustee and Plaintiff lacks standing. *See* 11 U.S.C. § 541(a)(1); *Biesek*, 440 F.3d at 413; *Pease v. Production Workers Local 707*, 386 F.3d 819, 821-22 (7th Cir. 2004).

## CONCLUSION AND ORDER

Plaintiff's breach of contract cause of action, which existed at the time it filed its Chapter 7 petition, was property of the bankruptcy estate. Unless he abandons the asset, only the trustee has standing to pursue a cause of action that is property of the estate. Because Plaintiff did not list the breach of contract cause of action against Defendant in its schedule of assets, the trustee could not have abandoned the asset and Plaintiff has no standing to bring the cause of action. Wherefore, Defendant's Motion to Dismiss is granted pursuant to Rule 12(b)(1).

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 30, 2006

6